IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DICK HAMES, deceased, by and through )
personal representative VICKI ALLRED, )
)
      Plaintiff, )
)
v. )     Case No. CIV-17-900-D
)
OKLAHOMA TAX COMMISSION and )
INTERNAL REVENUE SERVICE, )
)
      Defendants. )

**O R D E R**

Before the Court is the United States' Motion to Dismiss [Doc. No. 9], filed

pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(5). Plaintiff has responded in opposition to

the Motion, which is fully briefed.[1]

Plaintiff commenced this action by filing a "Complaint Seeking Disbursement of

Funds" [Doc. No. 1], which also seeks "to resolve the issue of any outstanding liens or

interests." Plaintiff is identified as "Dick Hames, deceased," but the action is brought by

a personal representative of the decedent's estate, Vicki Allred, who was appointed in a

pending probate case in Grady County, Oklahoma. The Complaint alleges that the only

remaining potential creditors of Mr. Hames' estate are Defendants Oklahoma Tax

Commisison ("OTC") and Internal Revenue Service ("IRS"), that they were given notice

of the probate proceeding in October 2016, that neither made any filing in the probate case,

---

[1] The time for filing a reply brief has expired. *See* LCvR7.1(g).

and that "out of an abundance of caution," Plaintiff brings this action to obtain an order authorizing Plaintiff to distribute the remaining proceeds of a life insurance policy. *See* Compl. ¶ 7. The Complaint contains no allegations regarding subject matter jurisdiction; it neither cites any jurisdictional statute nor states any basis for an exercise of federal jurisdiction.

The Complaint was filed August 23, 2017. Plaintiff first obtained the issuance of a summons for the IRS on November 14, 2017, and served the United States Attorney for this judicial district. The Court issued its Order to Show Cause pursuant to Fed. R. Civ. P. 4(m) on November 29, 2017, and based on Plaintiff's response, extended the deadline for service to December 21, 2017. Plaintiff subsequently filed proof of service of the IRS by mail at its Oklahoma City office on December 20, 2017. To date, Plaintiff has not provided proof of mailing copies of the summons and the Complaint to the United States Attorney General by certified or registered mail, as required by Fed. R. Civ. P. 4(i)(1)(B).

The United States moves for dismissal of the action against it because Plaintiff has failed to accomplish service of process as required by Fed. R. Civ. P. 4(i) and has failed to allege any basis for suing the United States that would provide a waiver of sovereign immunity.[2] The United States recognizes that under certain circumstances, it may be named as a party in a civil action regarding "property on which the United States has or claims a . . . lien." *See* 28 U.S.C. § 2410(a). However, Plaintiff's Complaint lacks the

---

[2] The United States has appeared in place of the IRS, which "is not an entity capable of being sued." *Abell v. Sothen*, 214 F. App'x 743, 750-51 (10th Cir. 2007) (unpublished). *See* Def.'s Mot. Dismiss at 3 n.3.

necessary information for a pleading in such an action.  *See id*. § 2410(b).  The United

States also notes the sparse allegations of the Complaint do not permit a determination

whether the subject property is within the jurisdiction of the probate court and so protected

by the "probate exception" to federal jurisdiction.  *See* Def.'s Mot. Dismiss at 3 n.2.

Plaintiff makes no effective response to the United States' grounds for dismissal.

Plaintiff ignores the requirement of Rule 4(i)(B), arguing only that the IRS and the United

States Attorney were properly served.  Regarding jurisdiction and sovereign immunity,

Plaintiff asserts only that the omission of "specific itemization of the tax liens in question,"

as required by § 2410(b), "could be corrected by amendment of the Complaint."  *See* Pl.'s

Resp. Br. [Doc. No. 10] at 2.  Although Plaintiff argues that "the deficiency is easily

correctible" and "amendment should be allowed" (*id*.), Plaintiff has not filed an amended

pleading.  Nor does Plaintiff identify a basis of federal subject matter jurisdiction.

Upon consideration of Plaintiff's response to the United States' Motion under the

existing record, the Court finds that the action against the United States must be dismissed

for lack of jurisdiction.  Plaintiff bears the burden to establish subject matter jurisdiction

and, as to the United States, its consent to suit or other specific waiver of sovereign

immunity.  *See Rivera v. Internal Revenue Serv*., 708 F. App'x 508, 510-11 (10th Cir.

2017) (unpublished)[3] (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983);

*Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992)); *see also United States ex*

*rel. Stone v. Rockwell Int'l Corp*., 282 F.3d 787, 797-98 (10th Cir. 2002) (plaintiff has "the

---

[3] Unpublished opinions cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

burden of alleging the facts essential to show jurisdiction"). Plaintiff's Complaint is clearly deficient to allege a basis of jurisdiction for an action against the United States. Plaintiff concedes this fact, but has made no effort to cure this fundamental defect in her case. Plaintiff also presents no reason why she has failed to perfect service on the United States, which she was ordered to complete more than three months ago. For these reasons, the Court finds that the United States' Motion should be granted.

Further, the Court questions whether the same jurisdictional issues raised by the United States may apply equally to Plaintiff's suit against the OTC.[4] A state enjoys Eleventh Amendment immunity from suit in federal court, regardless whether a plaintiff seeks monetary relief. *See In re Chandler*, 251 B.R. 872, 875 (B.A.P. 10th Cir. 2000). "There is no Oklahoma statute or constitutional provision waiving the OTC's sovereign immunity." *Id*. at 878.

IT IS THEREFORE ORDERED that the United States' Motion to Dismiss [Doc. No. 9] is GRANTED. Plaintiff's action against the Internal Revenue Service is DISMISSED without prejudice.[5]

---

[4] As a court of limited jurisdiction, this Court has "an independent obligation to determine whether subject matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party").

[5] Because jurisdiction is lacking, the dismissal must be without prejudice to refiling. *See Brereton v. Bountiful City Corp*., 434 F.3d 1213, 1218 (10th Cir. 2006).

IT IS FURTHER ORDERED that Plaintiff shall show cause within 14 days from the date of this Order why her action against the Oklahoma Tax Commission should not be dismissed for lack of jurisdiction.

IT IS SO ORDERED this 6th day of April, 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE